**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESSICA VIVIANA ALVAREZ CLAVIJO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00473-JD |
| | ) | |
| WARDEN OF DIAMONDBACK | ) | |
| CORRECTIONAL FACILITY, et al., | ) | |
| | ) | |
| Respondents.[1] | ) | |

**<u>ORDER</u>**

Before the Court are Petitioner Jessica Viviana Alvarez Clavijo's ("Petitioner")

Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No.

7], which amended [Doc. No. 1], and *Ex Parte* Application for Temporary Restraining

Order [Doc. No. 8], which amended [Doc. No. 2]. Respondents filed a Response in

Opposition to the Petition for Writ of Habeas Corpus. [Doc. No. 11].[2]

Before addressing the merits of a case, the Court must assure itself of its subject

matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95

(1998). Respondents contend that Petitioner lacks Article III standing because she has

already received a bond hearing. [Doc. No. 11 at 13–17 & n.2; Doc. No. 11-3]. The Court

agrees that the petition must be dismissed for want of jurisdiction.

---

[1] The Court directs its deputy clerk to show Respondent "Kristi Noem, Secretary of Homeland Security" as terminated because Markwayne Mullin, the new Secretary of Homeland Security, has been substituted. *See* Fed. R. Civ. P. 25(d).

[2] Citations to the filings use ECF designations from the top of district court filings for both page numbers and exhibit numbers.

The pertinent facts are not meaningfully disputed. Petitioner, a native and citizen of Ecuador, was taken into Immigration and Customs Enforcement custody on February 3, 2026, following the issuance of a Notice to Appear. [Doc. No. 11 at 12; Doc. No. 11-1 at 2; Doc. No. 11-2 at 2]. On March 3, 2026, an immigration judge held a bond hearing at which Petitioner was represented by counsel, and, by written order the same day, denied bond on the ground that Petitioner had failed to carry her burden of demonstrating that she is not a flight risk. [Doc. No. 11-3]. Petitioner filed this action and the governing Amended Petition now before the Court after her bond hearing.

To invoke the Court's jurisdiction, Petitioner must demonstrate, among other things, that her alleged injury is likely to be redressed by a favorable decision. *See Bd. of Cnty. Comm'rs of Sweetwater Cnty. v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002). Where the relief a petitioner requests would not remedy the harm of which she complains, she lacks standing to sue. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1159 (10th Cir. 2005).

Here, the relief the Amended Petition identifies—an order directing that Petitioner be afforded a bond hearing pursuant to § 1226(a)—was provided by the immigration judge before the controlling petition was ever filed. There is nothing this Court can order at this juncture that would alter Petitioner's circumstances.

To the extent Petitioner's filings may be read to challenge the substance of the immigration judge's flight-risk determination, Congress has withdrawn that question from the Court's jurisdiction. *See* 8 U.S.C. § 1226(e) (precluding judicial review of that matter); *Olmos v. Holder*, 780 F.3d 1313, 1316 (10th Cir. 2015) (noting district courts

lack jurisdiction over discretionary actions of the Attorney General under § 1226). A petition for a writ of habeas corpus cannot be enlisted to serve as an appeal from an immigration judge's discretionary bond ruling. Because the only remedy within this Court's power has been overtaken by other events, Petitioner's asserted injury is not redressable—she lacks Article III standing to pursue her petition.[3]

For these reasons, the Court DISMISSES the Amended Petition for Writ of Habeas Corpus [Doc. No. 7], which amended [Doc. No. 1], without prejudice for lack of subject matter jurisdiction. The Court further DENIES AS MOOT the *Ex Parte* Application for Temporary Restraining Order [Doc. No. 8], which amended [Doc. No. 2]. A separate judgment will follow.

IT IS SO ORDERED this 13th day of April 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court has cautioned against assuming subject matter jurisdiction merely to reach the merits of a case. *See Steel Co.*, 523 U.S. at 93–102. As Respondents rightly observe, however, the substantive arguments pursued in the Amended Petition are also well covered by this Court's reasoning in *Montoya v. Holt*, No. 25-CV-01231-JD, 2025 WL 3733302 (W.D. Okla. Dec. 26, 2025), and *Garcia Cano v. Holt*, No. 25-CV-01228-JD, 2026 WL 736461 (W.D. Okla. Mar. 16, 2026).